# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES JAMISON,<br>Petitioner,<br><br>vs.<br><br>WARDEN, ELKTON FEDERAL<br>CORRECTIONAL INSTITUTION,<br>Respondent. | Case No. 1:19-cv-789<br><br>Dlott, J.<br>Litkovitz, M.J.<br><br>**REPORT AND<br>RECOMMENDATION** |

Petitioner, a pro se federal prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 4). This matter is before the Court on the petition, respondent's response in opposition, and petitioner's reply. (Docs. 4, 5, 6).

## I. PROCEDURAL HISTORY

On June 23, 2016, following a guilty plea, petitioner was sentenced to a 36-month term of imprisonment, with credit for time served, to be followed by three years of supervised release. (Doc. 5, at PageID 51). *See United States v. Jamison*, 1:14-cr-46 (S.D. Ohio) (Black, J.) (Doc. 156, at PageID 837-39). Respondent asserts, and petitioner does not dispute, that in consideration of time already served he was transferred to a residential re-entry facility on November 17, 2016. (*See* Doc. 5, at PageID 51). In January 2017, petitioner was released from the Bureau of Prisons (BOP) to commence his term of supervised release. (*See* Doc. 5, at PageID 51).

On April 19, 2018, petitioner's supervised release was revoked for violating the terms of his supervised release, and he was sentenced to a 24-month term of imprisonment. (Doc. 5, at PageID 51). *See Jamison*, 1:14-cr-46 (Doc. 198). Petitioner is currently placed at a halfway house in Cincinnati, Ohio, for prerelease custody. (Doc. 5, at PageID 51-52). He is scheduled to be released on December 3, 2019. (Doc. 5, at PageID 51-52). *See* Fed. Bur. Prisons,

https://www.bop.gov/inmateloc/ (last visited November 4, 2019).

Petitioner commenced the instant action on September 16, 2019. Relying on the First Step Act of 2018, petitioner contends that the BOP miscalculated his good-time credits by not crediting his post-revocation sentence with the good-conduct time he would have received on his original 36-month sentence if the First Step Act had been enacted at the time he was serving that sentence. (Doc. 4). Respondent has filed a response in opposition, contending that petitioner's revocation sentence is separate and distinct from his original sentence of incarceration for purposes of calculating good-conduct time. (Doc. 5). For the reasons below, the Court agrees with respondent.

## II. Analysis

This Court is authorized to issue a writ of habeas corpus on behalf of a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A § 2241 petition is appropriate where, as here, a prisoner challenges the execution of his federal sentence. *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991). A claim concerning the computation of good-conduct time can be addressed in a § 2241 petition. *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle . . . for challenging matters concerning the execution of a sentence such as the computation of good-time credits.").[1]

Section 102(b)(1)(A) of the First Step Act of 2018 amends 18 U.S.C. § 3624(b)(1) to increase the maximum allowable good-time credit from 47 to 54 days for each year of the sentence imposed. *See Hamm v. Fed. Bur. Prisons*, No. 1:19-cv-1110, 2019 WL 2717957, at *1

---

[1] A federal prisoner placed in a halfway house remains in the custody of the BOP. *See, e.g., United States v. Matthews*, No. 03-72, 2015 WL 5918749, at *1 (W.D. Pa. Oct. 9, 2015). Because petitioner filed his § 2241 petition while placed at a halfway house, the undersigned finds that petitioner satisfies § 2241's "in custody" requirement. Further, for the reasons stated in the Court's September 30, 2019 Order for Answer, petitioner's placement in a halfway house in Cincinnati, Ohio, makes venue appropriate in this judicial district. (*See* Doc. 3, at PageID 31 n.1).

2

(N.D. Ohio June 28, 2019) ("Subparagraph 102(b)(1)(A) of the First Step Act amended 18 U.S.C. § 3624(b) to alter the availability of good-time credit for federal inmates.") (citing First Step Act, Pub. L. No. 115-391, § 102(b)(1)(A), 132 Stat. 5194 (2018)). *See also Bottinelli v. Salazar*, 929 F.3d 1196, 1197 (9th Cir. 2019) ("[P]aragraph 102(b)(1) [of the First Step Act] amends § 3624(b)—the good time credit provision—to require the BOP to permit up to 54 days per year."). Section 102(b)(1)(A) applies retroactively "to offenses committed before, on, or after the date of enactment of this Act, except that such amendments shall not apply with respect to offenses committed before November 1, 1987." *See Bottinelli*, 929 F.3d at 1200 (quoting § 102(b), 132 Stat. at 5213).

Petitioner does not assert that he has been denied earned credits for the 24-month sentence he is currently serving for violating the terms of his supervised release. (*See* Doc. 4, at PageID 40). The sole issue is whether he is also entitled to any good-time credits he would have received on his original 36-month sentence if the First Step Act had been enacted at the time he was serving that sentence. (*See* Doc. 4, at PageID 40-41). According to petitioner, he is entitled to those credits under *Johnson v. United States*, 529 U.S. 694 (2000), where the Supreme Court held that "postrevocation sanctions" must be treated "as part of the penalty for the initial offense." *Johnson*, 529 U.S. at 700.

Petitioner's argument is without merit. Although petitioner is correct that "supervised release is 'part of the penalty for the initial offense,' *Johnson* [529 U.S. at 700]," petitioner's argument overlooks the fact that "the imprisonment that ensues from revocation is partly based on new conduct, is wholly derived from a different source, and has different objectives altogether; it is therefore a different beast." *United States v. McNeil*, 415 F.3d 273, 277 (2d Cir. 2005) (*citing United States v. Wirth*, 250 F.3d 165, 170 n.3 (2d Cir. 2001) ("The Court in

3

*Johnson*[, 529 U.S. 694,] addressed the very different question of whether application of [18 U.S.C] § 3583(h) to cases where the violation of supervised release, though not the original conviction, occurred after the effective date of § 3583(h) raised *ex post facto* concerns.")).

Indeed, courts considering similar arguments under the First Step Act have rejected them as contrary to federal law. *See, e.g., Garland v. Johnson*, No. 1:19-cv-53-P, 2019 WL 5106274, at *1 (W.D. La. Aug. 12, 2019) ("However, even if [petitioner] had been entitled to additional good time credit toward his sentence that he did not receive, federal law provides that those credits could not be used either to shorten the period of his supervised release or to shorten the period of any future imprisonment [petitioner] may be required to serve for violating the conditions of his release.") (citing 28 C.F.R. § 2.35(b) ("Once an offender is conditionally released from imprisonment, either by parole or mandatory release, the good time earned during that period of imprisonment is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violation of parole or mandatory release."); *United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release."); *Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) ("[T]he good time of one confinement does not carry over to a second confinement.")). *See also Kieffer v. Rios*, No. 19-cv-899, 2019 WL 3986260, at *1 (D. Minn. Aug. 23, 2019) ("[A] revocation sentence is separate and distinct from the original underlying sentence for purposes of calculating good-conduct time.") (citing cases), *appeal filed*, (8th Cir. Sept. 9, 2019).

Because petitioner's revocation sentence is separate from his original sentence for purposes of calculating good-time credits, he is not entitled to the good-time credits he would have received on his original 36-month sentence if the First Step Act had been enacted at the

time he was serving that sentence. Accordingly, the undersigned concludes that petitioner's § 2241 petition is without merit and should be **DENIED**.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's § 2241 petition be **DENIED**.

2. Because federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1), a recommendation will not be made on the issue of a certificate of appealability. *See Durham v. United States Parole Comm'n,* 306 F. App'x 225, 229 (6th Cir. 2009); *Melton v. Hemingway,* 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); *see also Witham v. United States,* 355 F.3d 501, 504 (6th Cir. 2004) (finding that 28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

3. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that, for the same reasons that the § 2241 petition is without merit, any appeal of an Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 11/4/19

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JAMES JAMISON,<br>    Petitioner,<br><br>vs.<br><br>WARDEN, ELKTON FEDERAL<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | Case No. 1:19-cv-789<br><br>Dlott, J.<br>Litkovitz, M.J. |

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).